**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DAVA PTE LTD.** | § | |
| | § | |
| **VS.** | § | **C.A. NO. 4:20-cv-2649** |
| | § | |
| **M/V NODUS, her engines, boilers, tackle,** | § | **ADMIRALTY** |
| **furniture, apparel, etc.,** *in rem*, **and** | § | |
| **DOMES SHIPHOLDING CORP.,** *in* | § | |
| *personam* | § | |

## VERIFIED COMPLAINT

Now into Court, through undersigned counsel, comes plaintiff, Dava Pte Ltd. ("Dava"), and for its Verified Complaint against defendants, M/V NODUS, *in rem*, and Domes Shipholding Corp. ("Domes"), *in personam*, respectfully represents upon information and belief as follows.

1.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party and thus falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C §1333.  Additionally or alternatively, this Court has federal question jurisdiction pursuant to 28 U.S.C §1331 because the action arises under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §201, *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1, *et seq.*

2.

At all times material hereto, plaintiff, Dava, was and still is a corporation organized and existing under the laws of a foreign state or nation, with an office and principal place of business

-1-

at Singapore, and was, at all times material hereto, the charterer of the M/V NODUS, IMO No. 9497464.

3.

At all times material hereto, defendant, Domes, was and still is a corporation or other legal entity organized and existing pursuant to and by virtue of the laws of a foreign state or nation, but not doing business in the State of Texas or present within the jurisdiction of this Honorable Court. At all times material hereto, Domes was the owner of the M/V NODUS.

4.

At all times material hereto, the M/V NODUS was managed by Seadar Shipmanagement S.A. of Piraeus, Greece.

5.

Pursuant to a charter party dated 11 December 2019, Domes chartered the M/V NODUS to Dava for one (1) time charter trip of about thirty-five (35) to forty (40) days for the carriage of a steel cargo from the Black Sea port of Novorossiysk, Russia, to Manaus, Brazil.  (See the Fixture Recap dated 11 December 2019, and Proforma Charter Party dated 14 March 2019 and attached hereto as Exhibit "A".)

6.

The M/V NODUS arrived at Novorossiysk on 17 December 2019 and completed loading on 19 December 2019.  She was detained by Port State Control at Novorossiysk due to vessel deficiencies, and finally sailed from Novorossiysk on 21 December 2019.  (See the Port State Control report – "Report of Inspection in Accordance with The Black Sea Memorandum of Understanding on Port State Control" - dated 18 December 2019 and attached hereto as Exhibit "B".)

7.

The M/V NODUS then suffered multiple engine problems while crossing The Bosporus, causing further delays and finally leading to Domes' decision to deviate to Piraeus, Greece, for Classification Society reasons.  The vessel did not resume her voyage to Manaus until 15 January 2020.  (See the Classification Society report – Korean Register of Shipping – dated 5 January 2020 and attached hereto as Exhibit "C".)

8.

The M/V NODUS's delays at Novorossiysk and Piraeus resulted in two major losses for Dava.

9.

Dava's first loss concerned its booking to stem bunkers at the advantageous price of US$607 per metric ton at Malta for December 2019, shortly after the vessel should have sailed from Novorossiysk, but that bunker stem had to be cancelled due to the vessel delays.  Dava's re-booking for bunkers for the chartered voyage was at the much higher price of US$658 per metric ton.

10.

Dava's second loss concerned, as envisaged in the governing Charter Party, the M/V NODUS burning the cheaper High Sulfur Fuel Oil ("HSFO") up to 31 December 2019, but because of the vessel delays, that opportunity was lost.  Once the voyage to Manaus resumed, the IMO deadline regarding the consumption of the HSFO had passed, so the vessel instead had to burn Low-Sulphur Marine Gasoil ("LSMGO") at a cost to Dava of more than double the price of HSFO.  The losses incurred by Dava are included in its Final Hire Statement, and both losses

together total US$136,397.50, excluding interest, expenses and costs.  (See Dava's Final Hire Statement – "Statement of Account" – dated 22 June 2020 and attached hereto as Exhibit "D".)

11.

The charter party referenced above calls for arbitration in London (see Exhibit "A" – Clause 17).   Pursuant to 9 U.S.C. §1, *et seq* and specifically, 9 U.S.C. §8, Dava is entitled to assert this claim against the M/V NODUS, *in rem*, to enforce the parties' agreement to arbitrate. Dava specifically reserves all rights to arbitrate pursuant to the applicable charter party.  Dava seeks jurisdiction over the *in rem* defendant, the M/V NODUS, asserting a maritime lien against said vessel by arrest thereof, pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

12.

Dava also seeks jurisdiction over the *in personam* defendant, Domes, by attachment / arrest of its goods and chattels within this district and within the State of Texas pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure by writ of foreign attachment to be issued against the M/V NODUS, presently lying afloat at the Empire Stevedoring, Inc. Houston Terminal, 7600 Avenue P, Southside City Docks 47/48, Houston, Texas 77012, for breach of the charter party between Domes and Dava dated 11 December 2019.

13.

Dava has commenced arbitration in London concerning its subject dispute with Domes, and Domes, in turn, has made its own arbitral appointment as provided for in the Charter Party dated 11 December 2019, and entered into between Domes and Dava.  (See Exhibit "A" – Clause

17, and the E-mail messages between Dava's and Domes' representatives dated 3 July 2020 and 16 July 2020 and attached hereto as Exhibit "E," *in globo*.)

14.

Under English law, costs, including attorneys' fees, arbitrators' fees, disbursements and interest, are recoverable as an element of plaintiff's claim.

15.

Dava estimates, as nearly as can be computed, that the legal expenses and arbitral costs of prosecuting the claim against Domes, and interest on the total exposure will be US$38,602.50. (See Laurence Marron's E-mail message dated 13 July 2020, addressed to Domes Shipholding Corp. and attached hereto as Exhibit "E".)

16.

The total amount due and owing Dava pursuant to the calculations set forth above is ONE HUNDRED SEVENTY-FIVE THOUSAND AND 00/100 (US$175,000.00) DOLLARS, which includes Dava's claim for US$136,397.50, plus interest, expenses and costs for US$38,602.50. Dava reserves the right to supplement and amend its claims as further information becomes available.

17.

Dava seeks security for its entire claim, including interest, costs and attorneys' fees, by arresting and attaching the M/V NODUS, which on information and belief, is the property of Domes, pursuant to Rules B and C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

18.

All and singular, the foregoing premises are true and correct and within the admiralty and maritime jurisdiction of the United States of America and this Honorable Court.

19.

Plaintiff reserves the right to supplement and amend this Verified Complaint as further facts become available.

WHEREFORE, Plaintiff, Dava Pte Ltd., prays that:

1)      Process in the due form of law be issued pursuant to Rules B and C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and that the M/V NODUS, presently or during the pendency of this action, due to be lying afloat on the navigable waters of the United States of America within the jurisdictional limits of this Court, be arrested and attached in the proceeding to the amount of plaintiff's claims stated herein, plus interest, costs and attorneys' fees;

2)      All parties claiming an interest, title or right in the said vessel appear and answer, all and singular, the allegations of this Verified Complaint;

3)      Process issue in due form directing the *in personam* defendant, Domes Shipholding Corp., to appear and answer, all and singular, the allegations contained herein;

4)      After due proceedings, plaintiff have judgment against defendants, the M/V NODUS, her engines, boilers, tackle, furniture, apparel, etc., *in rem*, and Domes Shipholding Corp., *in personam*, in the amount of the aforesaid US$175,000.00;

5)      The M/V NODUS be condemned and sold to satisfy any judgment awarded by the Court herein or in arbitration; and

6)      Plaintiff have such other and further relief as the law and justice may require.

Respectfully submitted,

By:  /s/  David R. Walker
        David R. Walker
        Attorney-in-Charge
        State Bar No. 20696800
        Federal I.D. No. 2827
        david.walker@roystonlaw.com
        Eugene W. Barr
        State Bar No. 24059425
        Federal I.D. No. 1144784
        eugene.barr@roystonlaw.com
        1600 Smith Street, Suite 5000
        Houston, TX 77002
        Telephone: 713.224.8380

**ATTORNEYS FOR DAVA PTE LTD.**

## VERIFICATION

STATE OF TEXAS §
§
COUNTY OF HARRIS §

Before me now, the undersigned Notary, came and appeared David R. Walker, who after being duly sworn, did depose and state:

1.      He is an attorney with the firm of Royston Rayzor, and is an attorney of record for plaintiff, Dava Pte. Ltd., a foreign corporation with its principal place of business in Singapore; and

2.      He has read the above and foregoing Verified Complaint and knows the contents thereof, and that the same are true and correct to the best of his knowledge, information and belief, the sources of information and grounds for the belief being information and material furnished to him by Dava Pte. Ltd.'s English solicitor, Laurence Marron.

_____
David R. Walker

SWORN TO AND SUBSCRIBED BEFORE ME on this 28 day of July, 2020.

_____
NOTARY PUBLIC

ROBIN GILPIN
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 09/19/23
NOTARY ID 712901-0

64311:45129512                                                    -8-